**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lois Arata,<br><br>    Plaintiff,<br><br>v.<br><br>Alex Azar,<br><br>    Defendant. | No. CV-18-08071-PCT-SMB<br><br>**ORDER** |

Pursuant to Federal Rule of Civil Procedure 56, Defendant Alex Azar, Secretary of the U.S. Department of Health and Human Services, filed a Motion for Summary Judgment on each of Plaintiff's claims based on a statute of limitations defense. The Court has now considered the Motion (Doc. 12, Mot.), Plaintiff's Response (Doc. 17, Resp.), and Defendant's Reply (Doc. 22, Reply) along with relevant case law.

**I. BACKGROUND**

Plaintiff Lois Arata brought this action against Alex Azar, Secretary of the U.S. Department of Health & Human Services ("HHS") on March 27, 2018 for discrimination, retaliation, and hostile work environment under Title VII of the Civil Rights Act, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, and the ADA Amendments Act of 2008. (Doc.1). Plaintiff was employed as a Clinical Nurse at Indian Health Service, Kayenta Service Unit ("KSU"), from approximately April 2014 to July 2015 and at Indian Health Service, Gallup Indian Medical Center ("GIMC"), from July

2015 until August 2016.¹ *Id.* ¶¶ 4, 8. Plaintiff filed EEOC complaints of discrimination and harassment against HHS regarding her employment at KSU and GIMC. *Id.* ¶ 1. The only claims in question now are those raised by Plaintiff in two of the EEOC complaints, (Reply at 2), which an Administrative Judge consolidated per an order issued on March 17, 2017 (the "Consolidated Complaints"), (Doc. 13-2 at 7). HHS issued a consolidated Final Agency Decision (the "FAD") to Plaintiff concerning the Consolidated Complaints on December 21, 2017, determining that Plaintiff had failed to meet her burden of persuasion to show that she was discriminated against. (Doc. 13-5 at 35). The FAD alerted Plaintiff of her right to sue on the claims raised in the Consolidated Complaints within ninety days. (Doc. 13-5 at 37). The FAD was mailed via USPS First Class Mail to Plaintiff's P.O. Box and to her counsel's address of record, which showed both a street address and a P.O. Box. (Doc. 13-5 at 40).

Defendant now moves for summary judgment, arguing that Plaintiff filed this action outside of the statute of limitations.

## II. LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is any factual issue that might affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). The court need only consider the cited materials, but it may also consider any other materials in the record. *Id.* 56(c)(3).

---

¹ Indian Health Service is a division of the U.S. Department of Health & Human Services.

Initially, the movant bears the burden of demonstrating to the Court the basis for the motion and "identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. If the movant fails to carry its initial burden, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). If the movant meets its initial responsibility, the burden then shifts to the nonmovant to establish the existence of a genuine issue of material fact. *Id*. at 1103. The nonmovant need not establish a material issue of fact conclusively in its favor, but it "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmovant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Liberty Lobby*, 477 U.S. at 247–48. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations omitted). However, in the summary judgment context, the Court believes the nonmovant's evidence, *id.* at 255, and construes all disputed facts in the light most favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004). If "the evidence yields conflicting inferences [regarding material facts], summary judgment is improper, and the action must proceed to trial." *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1150 (9th Cir. 2002).

III. **ANALYSIS**

Title VII provides that an employee of an executive agency or department, such as the Department of Health and Human Services, "shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a); *see also* 5 U.S.C. §§ 101, 105. After an employee has filed a complaint of discrimination, and notice of the final action taken by such a department has been issued, the employee is permitted to file a civil action "[w]ithin 90 days of receipt of notice[.]" 42 U.S.C. § 2000e-16(c). "Courts apply the ninety-day time limit strictly and will dismiss a suit for missing the deadline by even one day." *Garrison v. Nike Inc.*, No. CV-17-00805-

PHX-DLR, 2017 WL 2653051, at *2 (D. Ariz. June 20, 2017). It is the defendant that "bears the burden of proving that the plaintiff filed beyond the limitations period." *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1122 (9th Cir. 2007).

When the date of receipt is known, the notice is deemed received on that date, regardless of whether the claimant or her attorney personally saw the notice. *Payan*, 495 F.3d at 1122; *see also Scholar v. Pac. Bell*, 963 F.2d 264, 267 (9th Cir. 1992) (calculating the ninety-day period from the date on which the EEOC letter was "received and signed for by" plaintiff's daughter). The limitations period begins on the day that delivery is first attempted at the plaintiff's address of record, even if delivery is not completed at that time. *See Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997) (holding that the ninety-day period began running on the date that delivery was first attempted at plaintiff's home, even though the certified letter was not delivered because no one was there to receive it).

Where the date of actual receipt is unknown, but there is no dispute as to receipt itself, the Court applies a presumption to approximate the date of receipt. *Payan*, 495 F.3d at 1122. First, the Court presumes that "the letter issuance date is also the date on which the letter was mailed." *Id.* at 1123. Second, the Court presumes that the letter was received three days after the date of issuance. *Id.* at 1126. These presumptions are, however, rebuttable. *Id.* at 1124, 1126. To rebut the presumption of receipt, a plaintiff must show that she did not receive the letter in the ordinary course. *Id.* at 1126. "In reviewing whether the presumption has been rebutted, courts look for evidence suggesting that receipt was delayed beyond the presumed period." *Id.*

Here, the FAD was issued on December 21, 2017, a Thursday. Defendant contends that applying *Payan*'s three-day presumption, the FAD is presumed received on December 26, 2017, the following Tuesday. The Court assumes that in making this calculation, Defendant omits December 24 (a Sunday) and December 25 (a legal holiday) from the calculation. Defendant also notes that the FAD provides a five-calendar day presumption of timeliness, which is contrary to the Ninth Circuit's three-day presumption applied after

a final agency decision has been issued. (Mot. at 5–6). Even assuming that a five-day presumption is applicable to the timing of filing of a civil action and not just the timing of administrative actions, the presumption in this case still falls on December 26, 2017. Since Defendant suggests that under either calculation the presumed date of receipt is December 26, 2017, the Court will proceed with the proposed receipt date of December 26.[2] Ninety days from the presumed day of receipt is March 26, 2018. Applying the presumption, Plaintiff had up and until March 26, 2018 to file this action. Plaintiff however attempts to rebut the presumption by asserting that the date of receipt is known, asserting that Plaintiff's attorney received the FAD on December 27, 2017. (Resp.). Plaintiff's attorney asserts that his law firm "has a policy of stamping all incoming mail confirming the date of receipt" and presents a copy of the FAD with a date stamp of December 27, 2017. (Doc. 18-1). Plaintiff's attorney attests to this both in the Response and a supporting affidavit.

In order to rebut a presumption, Plaintiff needs to present evidence that is "sufficiently definite" to conclude that the FAD arrived after the presumed date of receipt. *Payan*, 495 F.3d at 1127. In *Payan*, the Ninth Circuit rejected as insufficient the plaintiff's suggestion that her mail had often been delayed by up to a week. *Id.* The *Payan* court also cited a Second Circuit case that rejected a copy of a letter with the plaintiff's own stamp indicating the date of receipt without additional support such as an affidavit from the plaintiff. *Id.* (citing *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996)). Here, Plaintiff's attorney submitted a copy of the letter showing the date that his law firm stamped the FAD as having been received, but unlike *Sherlock*, Plaintiff's attorney also submitted an affidavit attesting to the receipt and his law firm's policy concerning incoming mail (Doc. 18-1 at 1–2). Plaintiff's attorney's affidavit provides limited

---

[2] However, the Court notes that cases in this Circuit have calculated the three-day period without omitting Sundays and holidays from the calculations. *See Payan*, 495 F.3d at 1125 (adopting a three-day presumption for receipt after mailing without specifically mentioning whether weekends or holidays are included in the calculation, but calculating the period from a Friday to the following Monday as three days); *Rhodes v. Raytheon Co.*, No. CV 10-625-TUC-RCC, 2011 WL 4625763, at *1 (D. Ariz. Oct. 6, 2011), *aff'd in part*, 555 F. App'x 665 (9th Cir. 2014) (holding that an EEOC right-to-sue letter issued on a Friday was presumed delivered on the following Monday and noting that the letter considered in *Payan* was mailed on a Friday and considered delivered on the following Monday).

information regarding the receipt of the FAD by his office. Plaintiff's attorney fails to clarify whether the FAD was delivered to the P.O. Box or the street address listed in his address of record; whether Plaintiff's attorney's firm retrieved mail from the P.O. Box on the days immediately preceding December 27, 2017; or whether there was any attempted delivery to the law firm on December 26, 2017, the day after Christmas. *See Schulman v. Wynn Las Vegas, LLC*, 593 F. App'x 673, 674 (9th Cir. 2015) (holding that the district court "failed to provide sufficient reason to disbelieve [plaintiff's] testimony that he checks his mailbox daily; that he received the EEOC letter on [a known date]; that he documented the date of receipt; and that he delivered a copy of the letter to his attorney and informed him of the date of receipt."). Nevertheless, Plaintiff has submitted some evidence that her counsel received the FAD on December 27, 2017, which creates a genuine issue of material fact.

But even assuming that Plaintiff has rebutted the presumption of delivery in regard to her attorney's receipt of the FAD, no evidence has been provided to rebut the presumption that Plaintiff herself received the FAD outside of the presumed date of receipt or that the date of receipt is known. Indeed, no mention has been made at all of the FAD sent to Plaintiff. The statutory guidance does not describe who must receive notice, only that a civil action must be filed "[w]ithin 90 days of receipt of notice of final action[.]" 42 U.S.C. § 2000e-16(c). In *Payan*, the court stated that "[w]e measure the start of the limitations period from the date on which a right-to-sue notice letter arrives at the claimant's address of record." *Payan*, 495 F.3d at 1122. Yet it is unclear whether *Payan* was represented by an attorney at the time the letter in that case was mailed. In a recent unpublished opinion, the Ninth Circuit stated that "[t]he statute of limitations begins to run from the date on which a right-to-sue letter is delivered to either the claimant or [her] attorney, whichever comes first." *Rhodes v. Raytheon Co.*, 555 F. App'x 665, 667 (9th Cir. 2014) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92–93 (1990)). *Rhodes* cites to *Irwin*, a Supreme Court case affirming the district court's dismissal of an action that was filed outside of the limitations period. The plaintiff in *Irwin* received the right to

sue letter fifteen days after his attorney received the letter, and argued that the limitation period did not begin until plaintiff received the notice. *Irwin*, 498 U.S. at 92. In affirming, the Supreme Court noted the Fifth Circuit's reasoning that notice of final action is "received" when the EEOC delivers its notice "to a claimant or the claimant's attorney, whichever comes first." *Id.*

The Court will follow the guidance of *Payan*, *Rhodes*, and *Irwin*, and find that the limitations period begins when either the claimant or her attorney received the letter. *See Shareef v. McHugh*, No. CV 16-00509 ACK-KJM, 2017 WL 754326, at *6 (D. Haw. Feb. 27, 2017) (following *Rhodes* and finding that the limitations period began when plaintiff received notice, even though her attorney did not receive notice); *see also Mitchell v. Brennan*, No. 3:17-CV-00677-SB, 2017 WL 8131567, at *2 (D. Or. Dec. 27, 2017), report and recommendation adopted, No. 3:17-CV-00677-SB, 2018 WL 1161390 (D. Or. Mar. 5, 2018) (noting that the limitations period "begins to run from the date on which a right-to-sue letter is delivered to either the claimant or his attorney, whichever comes first"); *Jennings v. Victor Valley Cmty. Coll. Dist.*, No. CV 14-06893 SJO (RZx), 2015 WL 12914372, at *3 (C.D. Cal. Aug. 17, 2015) (same); *Homer v. Henderson*, No. 00 3869 MMC, 2001 WL 228164, at *2 (N.D. Cal. Feb. 26, 2001) (same); *Williams v. West*, No. C 95-2546 SI, 1997 WL 811777, at *2 (N.D. Cal. Dec. 16, 1997) (same).

Since it is presumed that Plaintiff herself received the FAD no later than December 26, 2017, it is of no consequence that Plaintiff's attorney asserts that he received the FAD one day later. No evidence has been presented disputing Plaintiff's receipt of the FAD, nor has any evidence been presented to rebut the presumption that Plaintiff received the FAD after December 26, 2018. Plaintiff was permitted to file this civil action up and until March 26, 2018. Accordingly, Plaintiff filed this action one day late, and Defendant's Motion for Summary Judgment is granted.

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.

///

///

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment for Defendant.

**IT IS FURTHER ORDERED** directing the Clerk to terminate this case.

Dated this 26th day of March, 2019.

_____
Honorable Susan M. Brnovich
United States District Judge